**FILED**

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| SHARON JEANNE SHUBIN, | No. 23-55016 |
| Plaintiff-Appellant, | DC No. 2:22-cv-02748-RSWL |
| v. | MEMORANDUM* |
| UNIVERSAL VACATION CLUB, a California nonprofit Corporation; VILLA GROUP HOTEL AND RESORTS, S.A. DE C.V in Puerto Vallarta; VILLA DEL ARCO BEACH RESORT AND SPA CABO SAN LUCAS; DOES, 1 through 10, inclusive, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted February 12, 2024
Pasadena, California

Before: TASHIMA, CALLAHAN, and JOHNSTONE, Circuit Judges.

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Sharon Jeanne Shubin purchased a timeshare membership in the Universal Vacation Club (UVC) from Constructora Los Arcos del Cabo, S.A. de C.V., a Mexican corporation. Shubin was injured while staying at a resort in Mexico arranged through her timeshare membership. She appeals from an order of the district court granting without leave to amend UVC's motion to dismiss the complaint for failure to state a claim. *See Shubin v. Universal Vacation Club*, 622 F. Supp. 3d 849, 853 (C.D. Cal. 2022). The district court had jurisdiction over this diversity of citizenship action under 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in dismissing Shubin's negligence action as time-barred. *See Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017) ("We review de novo a district court's dismissal for failure to state a claim upon which relief can be granted."). As the district court concluded, California's borrowing

statute, California Civil Procedure Code § 361, applies because the cause of action arose in Mexico, where it is time-barred, and Shubin is not a California resident.[1]

Shubin contends that the timeshare membership agreement provides that the membership is governed by California law. However, if California law governs, then § 361 applies as well. Contrary to Shubin's argument, the injury occurred and the cause of action arose in Mexico, not California. *See McCann v. Foster Wheeler LLC*, 225 P.3d 516, 525 (Cal. 2010) ("Section 361 . . . creates a general rule that when a cause of action has arisen in another jurisdiction but cannot be maintained against a particular defendant in that jurisdiction because of the lapse of time, the action cannot be maintained against that defendant in a California court."); *see also S.F. Unified Sch. Dist. v. W.R. Grace & Co.*, 44 Cal. Rptr. 2d 305, 309 (Ct. App. 1995) (stating that "no cause of action accrues in a tort action until damage has occurred").

---

[1]   The statute provides:

> When a cause of action has arisen in another State, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State, except in favor of one who has been a citizen of this State, and who has held the cause of action from the time it accrued.

Cal. Civ. Proc. Code § 361.

Shubin's argument that UVC owed her a duty of care that arose in California fails. Even if UVC owed Shubin a duty of care and that duty of care arose in California, the alleged tortious conduct and damage occurred in Mexico such that Shubin's cause of action arose there.

Nor does Emergency Rule 9, adopted by the Judicial Council of California in response to the COVID-19 pandemic, help Shubin. Rule 9 provides in pertinent part that, "[n]otwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." Cal. R. Ct., app. I.

Rule 9 does not apply here because § 361 merely provides that if the action is time-barred in the jurisdiction where the cause of action arose, the action "shall not be maintained" in California, "except in favor of one who has been a citizen of [California], and who has held the cause of action from the time it accrued." Cal. Civ. Proc. Code § 361. The statute does not contain its own period of limitations, but instead, bars a non-resident from filing an action in California if the action is time-barred where the action arose, regardless of any California tolling provisions. *See Hatfield v. Halifax PLC*, 564 F.3d 1177, 1189 (9th Cir. 2009) (discussing § 361 and reasoning, "[i]f non-residents are denied the opportunity to take advantage where California law provides a longer statute of limitations for its citizens, they

4

certainly should not be permitted to take advantage of the state's tolling doctrine, which lengthens that limitations period"). Moreover, as the district court reasoned, it does not make sense to apply a California tolling provision to the Mexican statute of limitations.[2] *Shubin*, 622 F. Supp. 3d at 853.

**2.** The district court did not err in dismissing without leave to amend Shubin's breach of warranty claims. *See Hooper v. Shinn*, 985 F.3d 594, 615 (9th Cir. 2021) ("When a district court denies leave to amend based on a determination

---

[2] We disagree, however, with the district court's secondary finding that Rule 9 does not apply because Shubin failed to present evidence that she needed additional time to file the action due to the pandemic. *Shubin*, 622 F. Supp. 3d at 853. Rule 9 does not contain any such evidentiary requirement. Instead, it applies "broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action." Cal. R. Ct., app. I, advisory committee's comment to 2020 amendment. We also question whether Rule 9 can ever apply in a diversity action pending in federal court. But because we hold, above, that Rule 9 does not apply in this case, we need not decide the general applicability of Rule 9.

Rule 9 is a rule adopted by the Judicial Council of California. Under article VI, § 6, of the California Constitution, the Judicial Council is authorized to "adopt rules for court administration, practice and procedure . . . not inconsistent with statute." Thus, it appears that Rule 9 was adopted as a rule of procedure. And, under long-established doctrine, while state substantive law governs in diversity cases, federal procedural rules apply. *See, e.g., Hanna v. Plumer*, 380 U.S. 460 (1965); *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). If Rule 9 is a state procedural rule, it would not apply in a diversity case pending in federal court. On the other hand, state statutes of limitations have long been considered to be part of a state's substantive law. It is, however, highly doubtful that the Judicial Council is authorized to adopt a substantive rule of law. But this is a question for another day.

that the proposed claim would be futile, we review the determination of futility de novo."). The district court previously granted Shubin leave to amend her claims for breach of implied warranty and breach of express warranty. *Shubin*, 622 F. Supp. 3d at 855. Nonetheless, as the district court found, the allegations of the First Amended Complaint (FAC) are not sufficient to allege that Shubin was in a landlord-tenant relationship with UVC (either directly or through agency principles) or that UVC made any warranty about the conditions at the resort. Nor does Shubin explain how she could amend the complaint to allege facts that would establish a breach of warranty.

As to the breach of express warranty claim, the FAC fails to identify any express statements by either UVC or the resort warranting the safety of Shubin's hotel room. The only statements alleged are too vague to constitute warranties about the conditions at the resort. *See Glen Holly Ent. Inc. v. Tektronix, Inc.*, 352 F.3d 367, 379 (9th Cir. 2003) (affirming dismissal of fraud claims where the subject statements were "generalized, vague and unspecific assertions, constituting mere 'puffery' upon which a reasonable consumer could not rely").

As to the claim for breach of the implied warranty of habitability, the FAC fails to plead the existence of an agency relationship between UVC and the resort, the only asserted landlord or lessor in this case. *See Green v. Superior Ct.*, 517

6

P.2d 1168, 1178 (Cal. 1974) (establishing that "a warranty of habitability is implied by law in residential leases in California").  Despite receiving the opportunity to amend, Shubin failed to assert any specific, nonconclusory allegations that UVC had the right to control the resort's behavior or premises.  Thus, the FAC fails to plead that either UVC or the resort manifested an intent for the resort to act on UVC's behalf, whether implicitly or explicitly.  *See Desuza v. Andersack*, 133 Cal. Rptr. 920, 924 (Ct. App. 1976) ("The right of the alleged principal to control the behavior of the alleged agent is an essential element . . . to establish the existence of agency."); *see also Batzel v. Smith*, 333 F.3d 1018, 1023 (9th Cir. 2003) (applying this rule of California agency law), *superseded in part by statute on other grounds as stated in Breazeale v. Victim Servs., Inc.*, 878 F.3d 759, 766–67 (9th Cir. 2017).  Accordingly, the FAC fails to state an implied warranty of habitability claim against UVC, either directly or through the resort.

The district court order is **AFFIRMED.**